UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. 21-CV-652 KMM/ECW

APRIL ROWE,

        Plaintiff,

vs.

STARLIGHT RECOVERY & INVESTIGATION, LLC, TIMOTHY EILERS, INDIVIDUALLY, ALLIED SOLUTIONS LLC., ROQUEMORE HOLDINGS LLC D/B/A ROQUEMORE & ROQUEMORE AND AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,

        Defendants.

**EILERS AMENDED ANSWER TO PLAINTIFF'S 4TH AMENDED COMPLAINT**

___

Defendant, Timothy Eilers, ("Eilers") in amended answer to Plaintiff April Rowe's (hereinafter "Plaintiff") Fourth Amended Complaint, alleges and states as follows:

I.    Each and every allegation, statement, and matter contained in the Fourth Amended Complaint is denied, except as hereinafter admitted, qualified or otherwise answers.

II.    Eilers denies the allegations contained in paragraphs 2, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 35, 36, 38, 41, 45, 46, 51, 52, 54, 55, 56, 59, 60, 61, 63, 64, and 66 in Plaintiff's Fourth Amended Complaint.

III.    Eilers is without sufficient information to either admit or deny the

allegations contained in the paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 23, 32, 33, 34, 37, 39, 40, 42, 48, 49, 50, and 65 of Plaintiff's Fourth Amended Complaint, and therefore, denies the same and puts Plaintiff to her strict proof thereof.

      IV.    With respect to paragraph 15 of the Fourth Amended Complaint, Eilers admits to being at the residence of Plaintiff to pick up a vehicle but is without sufficient information to either admit or deny the date as to when that occurred.

      V.    With respect to paragraph 16 of the Fourth Amended Complaint, Eilers admits to arriving at Plaintiff's residence but denies the remainder of the allegations set forth therein and puts Plaintiff to her strict proof thereof.

      VI.    With respect to paragraph 17 of the Fourth Amended Complaint, Eilers admits that Plaintiff entered her van on the passenger side but denies the remainder of the allegations set forth therein and puts Plaintiff to her strict proof thereof. By way of further explanation, Eilers denies any wrongdoing noting that the only physical contact he had with Plaintiff was minimal and in self-defense to Plaintiff's physical attacks including but not limited to grabbing his testicles causing him great pain.

      VII.    With respect to paragraph 18 of the Fourth Amended Complaint, Eilers admits to returning to his truck and calling law enforcement and further admits that he left the residence shortly after law enforcement arrived. Eilers denies any further allegations set forth therein and puts Plaintiff to her strict proof

thereof.

VIII. Paragraphs Nos. 43, 44, 47, 53, 58, and 62 of Plaintiff's Fourth Amended Complaint do not call for a response by Eilers. But to the extent any response is warranted, Eilers denies the same and puts Plaintiff to her strict proof thereof.

IX. With respect to Plaintiff's Prayer for Relief in her Fourth Amended Complaint, it contains no allegations to which a response from Eilers is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief portion of the Fourth Amended Complaint

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiff or waiving defenses not raised below, Eilers asserts the following defenses with respect to the Fourth Amended Complaint:

X. Plaintiff's Fourth Amended Complaint may state claims upon which relief cannot be granted.

XI. Plaintiff's claims against Eilers in her Fourth Amended Complaint may be barred by the doctrines of unclean hands and/or self-defense.

XII. Eilers affirmatively alleges that Plaintiff may have failed to mitigate her damages.

XIII. Eilers affirmatively alleges that he is entitled to an offset for any and all

collateral source benefits paid or payable to Plaintiff, including but not limited to any *Swanson v. Brewster* discount.

XIV. Eilers affirmatively alleges that Plaintiff's damages were or may have been caused or contributed to by her own negligence, fault, carelessness, wrongdoing, or intentional acts or the acts of others for whose conduct Eilers is not responsible.

XV. Eilers affirmatively alleges that Plaintiff's alleged injuries and damages were or may have been caused or contributed to by pre-existing and/or post-occurring medical conditions or injuries.

XVI. Eilers affirmatively alleges that Plaintiff may have failed to mitigate her damages.

XVII. Eilers affirmatively alleges that some or all of Plaintiff's claims against Eilers are barred under the Fair Debt Collection Practices Act (FDCPA) because Eilers had a legitimate, present right to the possession of Plaintiff's vehicle at the time of repossession.

XVIII. Eilers affirmatively alleges that Plaintiff's claim against Eliers for conversion fails to allege all necessary elements including but not limited to exercising dominion of Plaintiff's purported property as Eilers left without repossessing the vehicle.

XIX. Eliers affirmatively alleges that he may be entitled to indemnification for any and all of Plaintiff's claims pursuant to statutory or common law

4

indemnification by his principal and/or employer.

XX.   Eilers affirmatively alleges that pending investigation and discovery, further defenses may become available including defenses under Rule 8 of the Federal Rules of Civil Procedure and, therefore, Eilers reserves all affirmative defenses and the right to amend this Answer.

**WHEREFORE**, Eilers prays judgment that Plaintiff take nothing by her pretended Fourth Amended Complaint and that Eilers be awarded his costs and disbursements incurred herein and such other and further relief as the Court deems just and equitable.

**COUSINEAU, VAN BERGEN, MCNEE & MALONE, P.A.**

Dated:  4/4/2022       By:   /s/ Kimberly Fleming
                             **KIMBERLY FLEMING   #0285365**
                             *Attorneys for Defendant Timothy Eilers*
                             12800 Whitewater Drive, Suite 200
                             Minnetonka, MN 55343
                             952-525-6922
                             kfleming@cvmmlaw.com

4870-1299-1769, v. 1

5